**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4973**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MAURICE DUGGER,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:05-cr-00197)

Submitted: April 30, 2008        Decided: May 20, 2008

Before WILLIAMS, Chief Judge, and NIEMEYER and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Monica L. Dillon, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Dugger pled guilty to distribution of cocaine base (crack) and was sentenced to 121 months' imprisonment. On appeal, we determined that the district court improperly enhanced Dugger's offense level by two levels based on his sale of illegal drugs while in prison. We vacated the sentence and remanded for resentencing. The district court conducted a resentencing hearing and sentenced Dugger to 97 months' imprisonment. He again appeals, contending that the district court failed to consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) factors in determining his sentence. We disagree and therefore affirm Dugger's sentence.

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597-98 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007) (discussing procedure district courts must follow in sentencing defendant). Here, the district court properly calculated the guideline range and correctly treated the Sentencing Guidelines as advisory.

Dugger contends that the court did not consider the factors set forth in 18 U.S.C.A. § 3553(a). The district court "need not robotically tick through § 3553(a)'s every subsection" but should "provide [this Court] an assurance that the sentencing court considered the § 3553(a) factors with regard to the

particular defendant . . . ." <u>United States v. Moulden</u>, 478 F.3d 652, 657 (4th Cir. 2007).  Here, the district court explained that it had considered the § 3553(a) factors and stated that the 97-month sentence "reflects the nature and circumstance of the offense, the history and characteristics of the defendant, and the needs for deterrence."  The court also stated that it found no basis for a departure.  We find that the district court adequately considered the § 3553(a) factors.

Further, we find that the 97-month sentence, which is the bottom of the advisory guideline range, and well below the twenty-year statutory maximum sentence, <u>see</u> 21 U.S.C.A. § 841(b)(1)(C) (West 1999 & Supp. 2007), is reasonable.  <u>See</u> <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007) (applying presumption of correctness to within-guideline sentence); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness of within-guideline sentence).  Accordingly, we affirm Dugger's sentence.  We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>